Robert MATTHEWS, Appellant,

v.

Archibald LEDBETTER et al., Respondents.

No. 39879.

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 10, 1978.

Motion for Rehearing and/or Transfer Denied Nov. 15, 1978.

**726**

David M. Johnson, Clayton, for appellant.

James M. Daly, St. Louis, for respondents.

CLEMENS, Judge.

Robert Matthews (hereinafter plaintiff) has appealed an order which dismissed his amended petition for administrative review on the ground it failed to state a claim upon which relief could be granted. We affirm.

Plaintiff sued the Village of Breckenridge Hills police chief and board members alleging: He was employed as a parttime police officer; the board voted to dismiss him on or before October 22, 1973; he was ordered to turn in his badge and other equipment July 30, 1974; § 80.420, RSMo. 1969 governs his removal and requires "[a] wanton neglect of duty"; he was never so charged. Plaintiff sought review under § 536.150, RSMo.1969.

■ The parties agree that on a motion to dismiss for failure to state a claim the facts alleged are to be liberally construed and taken to be true. *Trotter v. Sirinek,* 515 S.W.2d 67[1] (Mo.App.1974).

■ Plaintiff would restrict the village board's authority to § 80.420, which empowers it to "instantly remove" him for "any wanton neglect of duty." Defendants contend they discharged plaintiff under the more general authority of § 80.240, VAMS,

which without restriction empowers it to remove "officers, servants and agents" from office.

Assuming *arguendo* that § 80.420 limits the board's discharge authority granted by § 80.240, plaintiff's contention must fail because he was not "instantly removed." So, it is of no consequence that there was no allegation of plaintiff's "wanton neglect of duty."

Both parties cite *Karzin v. Collett,* 562 S.W.2d 397 (Mo.App.1978). There, in upholding the denial of that plaintiff's action for reinstatement and backpay after discharge as a village policeman, we held he was an employee at will who had not been "instantly removed" and had not been charged with wanton neglect of duty. So it is here.

■ Plaintiff's petition shows he was not instantly removed. The resolution was passed October 22, 1973 yet his employment was not terminated until nine months later. Since plaintiff was not "instantly removed" but simply discharged, the determination of the adequacy of the grounds for his discharge is not subject to judicial review because, as an employee-at-will, he could be discharged for any reason or no reason. *Karzin,* supra, at [3].

Granting plaintiff all favorable inferences, we hold his petition fails to state a claim upon which relief could be granted.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.