Robert L. COLLINS, Rufus A. Harris, and Land O'Lakes Agencies, Inc., Plaintiffs–Appellants,

v.

Jack SWOPE, Defendant–Respondent.

No. 11573.

Missouri Court of Appeals, Southern District, Division One.

Sept. 15, 1980.

a contributorily negligent parent cannot recover for the death of his child.

Loren R. Honecker, Springfield, for plaintiffs–appellants.

James L. Eiffert, Ozark, for defendant–respondent.

TITUS, Presiding Judge.

Plaintiffs sued defendant for breach of an oral contract. The trial court sustained defendant's motion to dismiss plaintiffs' petition for "failure to state a claim upon which relief can be granted." Rule 55.-27(a)(6), V.A.M.R. This appeal by plaintiffs ensued.

In effect, the three–count petition for damages (one count for each of the three plaintiffs) averred the following: On or about March 20, 1978, the parties orally agreed that defendant would sell plaintiffs his insurance business and agency, together with all office equipment, furniture, fixtures, accounts, contracts and renewals, for the agreed sale and purchase price of $30,-000 payable "I. $500.00 as earnest money upon the signing of the contract; 2. $7,000 at the date of closing; and 3. $22,500.00 balance to be paid in three (3) installments" which were described. The pleading further alleged that the parties "agreed a written agreement setting out the terms agreed upon orally on March 20, 1978, was to be prepared, which was done and submitted to defendant on or about March 25, 1978." Continuing, plaintiffs' petition stated that on or about April 1, 1978, defendant requested certain minor changes be made and included in the submitted written agreement and that "[t]hose changes were accepted and agreed upon by Plaintiffs and Defendant." Additionally the petition recounted that "on or about April 13, 1978, a written agreement containing the agreed upon contract and/or minor changes along with a check in the amount of $500 . . . was presented to defendant and accepted by him" and that although defendant thereafter "made repeated assurances that he . . . would sign and return said contract to Plaintiffs," on or about "April 19, 1978, without good cause, justification, or excuse, Defendant informed Plaintiffs that he would not sign the contract nor comply with its terms" and returned the $500 check to plaintiffs "on or about April 22, 1978." The petition then proclaimed that plaintiffs "have duly performed all conditions of said agreement on their part and have always been and now are ready, willing and able to perform all said agreements under the contract." The balance of each petition count enumerated how and in what amounts each plaintiff claimed to have been damaged and concluded with a prayer for money damages.

The parties mutually agree on these basics as enunciated in plaintiffs' brief: "The policy of the law generally favors trials upon the merits, and the criteria by which the sufficiency of petitions are judged have been developed to promote this purpose. When confronted with a Motion to Dismiss, a court is obliged to construe a petition liberally and favorably, and 'plaintiffs will be given the benefit of every favorable and reasonable intendment the facts alleged will allow.' *Brennaman v. Andes & Roberts Brothers Construction Co.*, 506 S.W.2d 462, 463(2) (Mo.App.1974). The facts alleged in such a petition are 'taken to be true' [*Matthews v. Ledbetter*, 573 S.W.2d 725, 726(1) (Mo.App.1978)] and it is well established 'that a petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 394(1) (Mo.App.1977)."

■ "Mutual manifestations of assent that are in themselves sufficient to make a contract will not be prevented from so operating by the mere fact that the parties also manifest an intention to prepare and adopt a written memorial thereof . . . ." 1 Restatement of the Law of Contracts, Ch. 3, § 26. In other words, merely because parties stipulate a formal writing will be executed which embodies the oral terms agreed to, this alone does not demonstrate that they intend the writing to be a condition precedent to the taking effect of the contract. Determination of whether oral negotiations culminate into a present binding contract vel non depends upon the intentions of the parties. *Priest v. Oehler*, 328 Mo. 590, 600–601, 41 S.W.2d 783, 787[2–4] (1931); *Shapleigh Inv. Co. v. Miller*, 193 S.W.2d 931, 937[4] (Mo.App.1946); *Frank Horton & Company v. Cook Electric Company*, 356 F.2d 485, 490[2] (7th Cir. 1966), cert. denied 384 U.S. 952, 86 S.Ct. 1572, 16 L.Ed.2d 548; 17 Am.Jur.2d, Contracts, § 28, pp. 363–366. Likewise, whether an unsigned writing constitutes a binding contract depends upon the intention of the parties. *Sanders v. DeWitt*, 579 S.W.2d 707, 711[1] (Mo.App.1979). It is also stated that where there is an intent by the parties not to be bound by the oral contract but only by a later prepared and signed written contract, such an intention must be specifically understood in the original agreement. *Hunt v. Dallmeyer*, 517 S.W.2d 720, 724[9] (Mo.App.1974).

As the above attests, whether the parties were to be bound by the alleged oral agreement or the writing unsigned by defendant, or whether they were not to be bound until a formal written contract was executed by all the parties, was a matter of intention. "Intention" is a state of mind. Seldom are the intentions of parties capable of direct proof and, ordinarily, such intentions are determinable only through logical deduction from proven facts. The trier of the facts, be it court or jury, usually decides the question of intention. Albeit a party may testify regarding his intentions, if his testimony is contrary to other evidence it is of small value. See *Welch v. Hyatt*, 578 S.W.2d 905, 912 (Mo. banc 1979); *Thomas v. Fitch*, 435 S.W.2d 703, 709[9, 10] (Mo.App.1968); *Julian v. Kiefer*, 382 S.W.2d 723, 729[7] (Mo. App.1964).

■ As evidenced by the foregoing and our summary of the petition, it seems clear from the petition's allegations that plaintiffs are asseverating that the parties intended no delay in being immediately bound either by the oral agreement or by the written contract unsigned by defendant. Plaintiffs' petition stated a cause of action for breach of contract. Of course, the ultimate determination of the intention of the parties anent the contract in question rests upon the proof, the findings of the fact trier and any affirmative defenses, if such, which may hereafter be pleaded by defendant but which are of no concern to us at this juncture. We simply hold the petition states a cause of action and that the court erred in dismissing same for the single reason urged by defendant. The judgment below is therefore reversed and the case is remanded. See also *Stephen v. Maloof*, 274 Cal.App.2d 843, 79 Cal.Rptr. 461 (1969).

FLANIGAN, C. J., and GREENE and PREWITT, JJ., concur.