**Grover McNICHOLS, Appellant,**

v.

**CITY OF WELLSTON, Respondent.**

**No. 42031.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Raymond Howard, St. Louis, for appellant.

Jess Ullom, Clayton, for respondent.

CLEMENS, Senior Judge.

Action by discharged police officer against the City of Wellston, alleging wrongful summary discharge and resultant $50,000 damages. The trial court dismissed the petition for failure to state a claim and plaintiff appeals.

Here, plaintiff shifts gears from his damage claim and now contends the court erred in dismissing his petition—which he erroneously characterizes as a claim for reinstatement—because the city's ordinance No. 240 retained appointed police officers for indefinite terms and permitted their removal only by notice and hearing.

Defendant city does not challenge this stark shift from plaintiff's petition to his present complaint. On our own motion we rule the briefed issues.

Both parties rely on Section 77.340 RSMo. 1978 providing a dual method for removal of appointive officers. First, the mayor and council may remove any "appointive officer of the city at will". Or second, "the council may pass ordinances regulating the manner of impeachment and removals".

Plaintiff's reliance on the second clause fails because Ordinance 240 was repealed in 1973, three years before plaintiff's employment was terminated. Now, the city has no ordinance regulating removal of appointive officers. In such case the mayor with council consent had "the power to remove the appointed officer [a police officer] at any time it suited his pleasure". *Cooper v. City of Creve Coeur*, 556 S.W.2d 717 [4] (Mo.App. 1977). Thus, "he could be discharged for any reason or no reason". *Matthews v.*

*Ledbetter*, 573 S.W.2d 725 [3] (Mo.App. 1978). So, under Section 77.340 the mayor and council could and did remove plaintiff at will.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.