618 F.Supp. 477 (1985)
MIDDLETON ENTERPRISES, INC., Plaintiff,
v.
Frederick CHURM, et al., Defendants.
No. 84-2112C(6).
United States District Court, E.D. Missouri, E.D.
October 8, 1985.
*478 Edwin Fryer, St. Louis, Mo., for plaintiff.
Jeffrey T. Demerath, St. Louis, Mo., Richard S. Vermeire, Denver, Colo., for defendants.

MEMORANDUM
GUNN, District Judge.
This action is brought by a lender against the unconditional guarantors of a promissory note. It appears from the record that the maker of the note, Resource Industries, Inc. (Resource), through its agent Frederick Churm, solicited a "bridge loan" from plaintiff Middleton Enterprises, Inc. (Middleton) in the amount of $1,000,000 in April and May 1982. The company was in shaky financial condition at that time, and allegedly sought the funds to tide it over until an initial public offering of its stock could be effected. See additional affidavit of Gregory B. Hackert attached to defendants' memorandum in opposition to motion for summary judgment. The parties signed a written loan agreement on June 3, 1978. Along with this agreement, the named defendants signed an agreement "irrevocably guarantee[ing] full payment of the [underlying] obligation together with all interest, penalties, costs and attorneys' fees." See promissory note and guaranty attached to plaintiff's motion for summary judgment.
The public offering never came to pass, and Resource submitted to Chapter 11 proceedings in the United States Bankruptcy Court for the District of Colorado in 1984. Prior to the commencement of bankruptcy proceedings, Resource had apparently not made any payments on the note, although the first installment was due on July 31, 1982. Defendants Gregory B. Hackert and Jeffrey Modesitt made payments in their capacity as guarantors until the amount due on the note was reduced to $770,700. Plaintiff has sued for this amount, plus interest, costs and attorneys' fees.
*479 Defendants have sought to avoid guarantor liability on the note on the alternative grounds that the guaranty was not supported by adequate consideration or that they were "coerced" into signing the guaranty agreement. Both defenses are constructed on allegations that Middleton and Resource had entered into a binding oral contract for the loan prior to the time the agreement was reduced to writing and the guarantor signatures were procured. The Court finds that the record does not support these allegations, and considers both defenses to be without merit.[1]
Looking first to the express terms of the guaranty agreement, the Court notes that it stipulates "for valuable consideration given." While this cannot be deemed a self-proving assertion, the Court accepts the inclusion of the recitation as prima facie evidence that the contract was supported by adequate consideration. Gover v. Empire Bank, 574 S.W.2d 464, 468 (1978) (recitation that agreement entered "for value received" creates presumption sufficient to support guaranty agreement "if not overcome by persuasive evidence to the contrary"). Additionally, Missouri law, which controls in this case by virtue of an agreement to that effect in the contract, see Promissory Note, ¶ 6, recognizes that reliance on the promise of guaranty may represent adequate consideration. Tullis & Associates, Inc. v. Gover, 577 S.W.2d 891 (Mo.App.1979), see also 38 Am.Jur.2d Guaranty § 45 (1964). Plaintiff in this case extended funds to Resource in reliance on the guaranty of defendants. The Court concludes that such reliance constitutes consideration to support the contract.
Defendants argue that Middleton, at the time of demanding the signatures of guaranty, had already entered into a binding oral contract to make the loan to Resource. If this were found to be the case, the loan would not have been made in reliance on the guaranty, and the guaranty would fail for lack of consideration.
Since a finding that such an oral contract exists turns largely on the intentions of the parties, see Collins v. Swope, 605 S.W.2d 538 (Mo.App.1980), it is ordinarily not an issue appropriate to summary disposition. See Kisco Co. v. Verson Allsteel Press Co., 738 F.2d 290, 294 (8th Cir.1984) ("district court correctly viewed the evidence before it as creating a factual question as to whether the parties had intended to reduce their agreement to writing before being bound"); Sweetarts v. Sunline, Inc., 423 F.2d 260 (8th Cir.1970). The Court's reluctance in the instant case to determine whether the parties intended to be bound by prior oral agreement has been dispelled, however, by deposition testimony of the principal defendants tending to show that *480 agreement had not been reached as to material terms of the contract (in particular, as to interest and security) prior to its reduction to writing. See depositions of Gregory Hackert, Frederick Churm, Jeffrey Modesitt, Ronald Butz, Mary Butz and Leslie Modesitt, attached as exhibits to plaintiff's supplementary memorandum in support of motion for summary judgment. It is fundamental that an oral contract will not be found unless the parties have reached an understanding as to all the essential terms of the agreement. Kisco Co., Inc. v. Verson Allsteel Press Co., 564 F.Supp. 154, 157 (E.D.Mo.1983); Priest v. Oehler, 328 Mo. 590, 41 S.W.2d 783 (1931). This standard has not been met in the present case. The record therefore establishes that the parties entered into the underlying contract and the guaranty agreement contemporaneously. The execution of the loan agreement in reliance on the guaranty constitutes adequate consideration for the latter.
Defendants' assertion that they signed the guaranty agreement under duress also fails to state a cognizable defense. The Court notes initially that Middleton's refusal to extend credit without the guaranty reflects a cautious evaluation of and insurance against risk rather than coercion. While the defendants in all likelihood felt apprehensive about taking on personal liability in such an amount, and further felt pressured to sign the guaranty by Middleton's refusal to make the loan without such security, defendants' evaluation of the need for financing and calculation of the risk undertaken must be deemed to be matters of business judgment. They do not represent actions taken after total overbearing of the will by Middleton. See Matter of Smith, 15 B.R. 691, 694 (Bkrtcy. Mo.1981) (to prove duress under Missouri law, party must show it acted under constraint or compulsion sufficient to overcome will of person of ordinary firmness which force induced them to comply with demand to which they would not have yielded had they been permitted to act of their own volition).
Further, even if the Court were to find coercion in the procuring of the guaranty, coercion does not render a contract void, but merely voidable. The party seeking avoidance must repudiate the contract. See Weisert v. Bramman, 358 Mo. 636, 216 S.W.2d 430 (1948). "Silence and acquiescence for a considerable period thereafter, action in accord with it, and acceptance of benefits under it, amount to a ratification." Id. 216 S.W.2d at 435. Defendants in this case enjoyed the benefit of the contract and effectively ratified the agreement by making payments, in their capacity as guarantors, for eighteen months. See Exhibit A attached to plaintiff's motion for summary judgment and affidavit of John G. Zinser, comptroller and assistant secretary of Middleton. They never sought to avoid the contract, and first claimed duress when called to defend this action. The Court concludes that defendants' apparent ratification of the agreement estops them from raising the defense of coercion now.
Since neither of the defenses asserted by defendants can withstand scrutiny of the record, the Court finds this action reduced to a simple legal action for recovery from guarantors of the amount remaining due on a promissory note. Viewing the evidence in the light most favorable to the non-moving party, Rule 56, F.R.C.P.; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983), the Court finds that no "genuine issues of material fact" remain, and plaintiff is entitled to judgment as a matter of law.[2]
*481 Judgment to be entered for plaintiff in the amount remaining due on the promissory note plus prejudgment interest, costs, and attorney's fees to be determined by the Court on review of post-judgment motions.
NOTES
[1] Defendants have also sought to escape liability on the assertion that plaintiff comes before the Court with "unclean hands." This argument is based on plaintiff's alleged misrepresentation to the Bankruptcy Court of the amount owed it as creditor of Resource. Neither party disputes that the debt owed to Middleton was filed as a claim for $1,000,000 on the bankrupt estate although the unpaid balance on the note had been reduced by $229,300 through payments by Hackert and Modesitt as guarantors. The parties have offered differing explanations for this entry of an excessive claim; this dispute over responsibility, however, does not affect resolution of the issue before this Court. The proceedings in bankruptcy have no bearing on the absolute liability assumed by defendants as guarantors on the note. 11 U.S.C. § 524(e) (1983) ("discharge of a debt of a debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"). See also Union Carbide Corp. v. Newboles, 686 F.2d 593 (7th Cir.1982); R.I.D.C. Industrial Development Fund v. Snyder, 539 F.2d 487 (5th Cir.1976); United States v. Kurtz, 525 F.Supp. 734 (E.D.Pa.1981).

Focusing on the effect of the bankruptcy court plan, defendants have sought to recharacterize this action as one in equity for subrogation. Defendants argue that if they are required to pay on the guaranty they will be subrogated to the creditor's rights to stock scheduled to be issued by the reorganized Resource. While the Court does not dispute that this may be the outcome of plaintiff's recovery from defendants, it rejects defendants' characterization of the suit as an equitable action. The Court views this suit as a purely legal action for recovery of money owed on a note. "Unclean hands" is not available as a defense in a suit at law, Kay v. Vatterott, 657 S.W.2d 80, 82-83 (Mo.App.1983), therefore defendants' third asserted defense is without merit.
[2] As summary judgment is granted in favor of plaintiff, defendants' cross-motion is denied. In their motion, defendants sought a declaratory judgment that Middleton would be liable to defendants for indemnification on any claims brought by other creditors of Resource against defendants as subrogees of Middleton for failure fairly to represent its claim to the bankruptcy court. Initially, the Court notes that such claims will not arise if the admitted error is corrected prior to the time the Reorganization Plan goes into effect. Additionally, the Court notes that the request for declaratory judgment falls outside the scope of these proceedings, which, as elaborated above, turn entirely on the contract of guaranty between Middleton and defendants. Issues concerning the reorganization of Resource and liabilities arising therefrom are not before the Court.