**In re BENNETT PAPER CORPORATION, Bennett Packaging Company, Debtors.**

**Bankruptcy No. 85–00782(2).**

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 19, 1986.

Joel Pelofsky, Kansas City, Mo., Donald H. Whaley, Clayton, Mo., for debtor.

Leslie A. Davis, Clayton, Mo., Eric P. Wainer, New York City, Attys. for Creditors' Committee.

Joshua J. Angel, New York City, for JKPC.

Carl J. Spector, Lawrence M. Frazen, St. Louis, Mo., for MDFC.

Robert B. Chatz, Charles S. Stahl, Jr., Chicago, Ill., for CPC.

Robert H. Brownlee, St. Louis, Mo., for Hewlett Packard Corp. and Bank of New England.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On August 11, 1986, Debtors filed a Joint Disclosure Statement and Joint Plan of Reorganization. After notice, a hearing was held on the Disclosure Statement on September 17, 1986. Two creditors, MDFC Equipment Leasing Corp. ("MDFC") and Jacksonville Kraft Paper Company, Inc. ("JKPC") objected to the Disclosure Statement for reasons having to do with the Plan's treatment of Sam Bennett, Debtors' President. At the hearing, the Court

granted Debtors leave to brief the issues raised by the objecting creditors. Debtors filed their brief on September 24, 1986. Having considered the creditors' objections, Debtors' brief, and the record as a whole, the Court makes the following findings of fact and conclusions of law and by separate Order sustains the creditors' objections.

FINDINGS OF FACT

(1) Page 18 of the Disclosure Statement provides that

"On the Effective Date, each Class 7 Creditor holding a personal guaranty executed by Sam Bennett shall release and surrender to the Agent such guaranty."

(2) Page 19 of the Disclosure Statement provides that

"All impaired Classes of Claims shall receive the treatment set forth in the Plan on account of and in complete satisfaction of all such Allowed Claims (and any interest thereon). Without limiting the foregoing and upon the Effective Date, each holder of the Claim by virtue of the acceptance of the Plan by the requisite number and amount of members of its Class, the acceptance of the Plan by such Creditor, the acceptance by such Creditor of any payment made or consideration given under the Plan, or confirmation of the Plan, shall be deemed to have waived, relinquished and released any and all of their rights and Claims (other than as provided for in the Plan or the Confirmation Order) against each and every Debtor (to the extent provided for in the Plan) and against the Reorganized Company, CPC and Sam Bennett."

(3) The Disclosure Statement does not state that the confirmation of a debtor's plan of reorganization cannot and does not discharge any liability of any entity who has guaranteed the debtor's obligations.

(4) Pages 24–25 of the Disclosure Statement state that

"During 1984, the Debtors launched an expansion program that involved the construction of the Earth City and Somerset facilities. These projects were financed by substantial borrowings including In-dustrial Revenue Bonds of approximately $5.5 million for the Earth City construction and $1.5 million for the Somerset facility. Over $6 million in lease obligations were incurred, including approximately $3 million to McDonnell Douglas Leasing for Earth City's corrugator and approximately $2 million to Techlease for a conveyor system. The Techlease lease was subsequently assigned by the lessor to Bank of New England. Mr. Bennett personally guaranteed the Techlease obligation, and a letter of credit issued by Bank of New England guaranteed about $500,000 of the McDonnell Douglas lease. In addition, Bank of New England issued a letter of credit for approximately $400,000 to secure a portion of the First National Bank of Louisville $1.5 million Industrial Revenue Bond for the Somerset plant. Maryland Heights borrowed over $3 million from Bank of New England for new converting equipment and then leased it to Bennett Packaging."

(5) The Disclosure Statement does not state that Bennett Packaging Company's obligations under the MDFC lease were and are guaranteed by Sam Bennett.

(6) Pages 20–21 of the Plan provide that

"*Satisfaction of Allowed Claims:* All impaired classes of Claims shall receive the treatment set forth in the Plan on account of and in complete satisfaction of all such Allowed Claims (and any interest thereon). Without limiting the foregoing and upon the Effective Date, each holder of a Claim, by virtue of the acceptance of the Plan by the requisite number and amount of members of its Class, the acceptance of the Plan by such Creditor, the acceptance by such Creditor of any payment; made or consideration given under the Plan, or confirmation of the Plan, shall be deemed to have assigned to the Debtors and all such parties shall be deemed to have waived, relinquished and released (a) any and all of their rights and Claims (other than as provided for in the Plan or the Confirmation Order) against each and every Debtor (to the

**520**

extent provided for in the Plan) and (b) any and all claims, demands and causes of action, both at law and in equity, whether known or unknown, which arose or otherwise could have been asserted on or before the entry of the Confirmation Order, against any past and/or present director, officer, employee, representative or agent, or their respective administrators, heirs, successors or assigns, of any of the Debtors, including, but limited to, any and all claims, demands and causes of action which could have or otherwise can be asserted against Sam Bennett in respect to any personal guaranty executed and delivered by him to any Creditor."

(7) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.

CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (L), which the Court may hear and determine.

(2) The failure to inform creditors that Sam Bennett personally guaranteed Bennett Packaging Company's obligations under the MDFC lease and that neither Sam Bennett nor any other entity not granted relief in these bankruptcy cases can be released or discharged of any obligations through he confirmation of a plan of reorganization under the Bankruptcy Code, together with the contrary impression conveyed by the language of the Disclosure Statement set out in Findings of Fact Nos. (1), (2), and (4), prevent creditors from having adequate information upon which to accept or reject Debtors' Plan. 11 U.S.C. §§ 1125(a); 524(e); *see also, Underhill v. Royal,* 769 F.2d 1426 (9th Cir.1985); *Union Carbide Corp. v. Newboles,* 686 F.2d 593 (7th Cir.1982); *Middleton Enterprises, Inc. v. Churm,* 618 F.Supp. 477, 479 (E.D.Mo. 1985).

(3) Insofar as the Plan contains the provisions set forth in Findings Of Fact No. (6), the Plan is not confirmable. 11 U.S.C. §§ 1129(a)(1), 524(e); *Underhill, Union Carbide, Middleton, supra.*

(4) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(5) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.