Mitchell SHANDS, et al., Plaintiffs,

v.

CITY OF KENNETT, et al., Defendants.

No. S 89–0088–C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Feb. 14, 1991.

Jim R. Bruce, Kennett, Mo., for plaintiffs.

Stephen P. Sokoloff, Sharp & Sokoloff, Kennett, Mo., for defendants.

Mark J. Pelts, Pelts, Stokley & Turnbow, Kennett, Mo., for Karsten and Mallott.

MEMORANDUM

LIMBAUGH, District Judge.

On June 1, 1989 plaintiffs filed a five-count complaint against defendants. The causes of action arose after plaintiffs were terminated from their positions as volunteer firemen. In Count I plaintiffs alleged that their termination violated the first amendment. In Count II plaintiffs alleged that statements about plaintiffs made by defendants Mallott, Karsten, and Tally to the public violated the plaintiffs' fourteenth amendment liberty interest. In Count III plaintiffs alleged that their termination was improper because defendant Mallott had no legitimate authority to discharge them under Mo.Rev.Stat. § 77.380. In Count IV plaintiffs alleged that their discharge was procedurally improper under Mo.Rev.Stat. § 77.340. In Count V plaintiffs alleged that their discharge was unconstitutional under Article II, Section 1 of the Constitution of the State of Missouri.

In an order dated August 6, 1990 the Court denied plaintiffs' motion for summary judgment on Count I and defendants' motion for summary judgment on Count I and Count II. This cause is now before the Court on plaintiffs' and defendants' cross-motions for summary judgment on Counts III, IV, and V of plaintiffs' complaint.

A. *Count III*

On December 6, 1988 the City Council for the City of Kennett ("City Council") met in a regular session. Jerry Talley, a member of the City Council and chairman of the Council Committee for the Fire Department ("Fire Department Committee"), reported that the Fire Department Committee recommended the hiring of John Mallott for the position of fire chief. Talley motioned that Mallott be employed in the position effective January 2, 1989.[1] The

1. The minutes of the December 6, 1988 City Council meeting state:
   Fire Committee Chairman Talley reported that the Fire Committee recommended the hiring of John Mallott for the position of full time fire chief and he made the motion that he be employed in that position effective January 2.

motion was seconded and carried by a vote of eight to two.

On December 6, 1988 Mallott was a resident of the City of Sikeston, Missouri. Mallott continued to reside and work in Sikeston until January 1, 1989. On January 2, 1989 Mallott simultaneously moved to Kennett and commenced the performance of his duties as fire chief.[2]

In Count III plaintiffs allege that John Mallott was hired in violation of Mo.Rev. Stat. § 77.380.[3] Mo.Rev.Stat. § 77.380 provides, in relevant part:

> All officers elected or appointed to offices under the city government shall be voters under the laws and constitution of this state and ... must be residents of the city.

Although Mallott was a voter under the laws and constitution of Missouri, he was not a resident of Kennett until January 2, 1989. Therefore, the City Council employed a non-resident but gave him a grace period within which to become a resident and assume the duties of the office. Plaintiffs assert this practice violated Mo.Rev. Stat. § 77.380, and cite *Pearson v. Washington*, 439 S.W.2d 756 (Mo.1969) as support.

In *Pearson* the City of Washington passed an ordinance which provided that "the City Administrator shall be or become a resident of the City within thirty days of his appointment unless further time is provided by the City Council." The Missouri Supreme Court voided the ordinance because its provisions reduced the statutory qualifications of Mo.Rev.Stat. § 77.380. *Pearson, supra*, 439 S.W.2d at 762. *Pearson*, however, is easily distinguishable from the instant matter. In *Pearson* the officer was given at least a thirty day grace period *after* he commenced his duties to become a resident of the city. In the instant matter the officer was a non-resident at the time he was hired but his ap-

pointment and the commencement of his duties were delayed until he became a resident.

■ Although plaintiffs' interpretation of Mo.Rev.Stat. § 77.380 is not negated by the language of the statute, plaintiffs' interpretation is practically untenable. If the language of a statute may be subject to more than one construction, the law favors the construction which is in harmony with reason and common sense and tends to avoid unreasonable and absurd results. *Community Federal Sav. & Loan Asso. v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988); *In the Interest of B.C.H.*, 718 S.W.2d 158, 162 (Mo.App.1986). Plaintiffs' interpretation would limit the pool of qualified applicants for an appointive position to those persons already residing within the city limits. This limitation places an unreasonable restraint on a third class city's ability to recruit qualified people as officers. If a qualified person resided outside the City of Kennett, no offer of employment could be forthcoming until the person changed his residence. No sensible person, however, would change his residence until after he received an offer of employment. Therefore, the Court construes Mo.Rev.Stat. § 77.380 to require an appointive officer to be a resident of the city at the time he commences his appointed duties. Because John Mallott was a resident of the City of Kennett at the time he assumed the position of its fire chief, Mo.Rev.Stat. § 77.380 was not violated.

For the foregoing reasons, the Court enters summary judgment in favor of defendants and against plaintiffs on the merits of Count III of the plaintiff's complaint.

### B. *Count IV and Count V*

The City of Kennett is a third class city organized and existing under the laws of the State of Missouri. Kennett operates

---

**2.** Mallott's initial residence in Kennett was at one of Kennett's fire stations.

**3.** Plaintiffs further allege that because John Mallott was appointed in violation of Mo.Rev. Stat. § 77.380, all his actions taken as fire chief, including the dismissal of plaintiffs four months

after his appointment, are null and void. Plaintiffs' argument involves a leap of logic for which no authority is cited. Because the Court found no violation of Mo.Rev.Stat. § 77.380, it has not addressed this problematic argument.

under a mayor-council plan of government. By ordinance Kennett established the Fire Department Committee to exercise general supervision over the fire department.

Plaintiffs were employed by the City of Kennett as volunteer firemen on a part-time basis. Plaintiffs held other full-time employment and were paid by the City of Kennett for voluntary attendance at fires. In 1983 plaintiff Don Key was hired as assistant fire chief by the City Council and was paid $75.00 per month in addition to a per fire call payment. Plaintiffs Mitchell Shands and Forrest Busch, however, only earned a per fire call payment. On April 10, 1989 Mallott, as Kennett's fire chief, discharged plaintiffs from their positions as firemen.

### 1. *Count IV*

■ In Count IV plaintiff Don Key alleges that his termination violated Mo.Rev. Stat. § 77.340 because he was terminated by the fire chief, not the mayor or City Council of Kennett.[4] In order for Mo.Rev. Stat. § 77.340 to apply, the person discharged must be an elective or appointive officer. "Officer" is defined in Mo.Rev. Stat. § 77.400:

The term "officer", whenever used in this chapter, shall include any person holding any situation under the city government or any of its departments, with an annual salary, or for a definite term of employment.[5]

Plaintiff Don Key was not an officer. As assistant fire chief Don Key was given a monthly, not annual salary, plus a per fire call payment. Also, Don Key was not hired for a definite term of employment. Because Don Key was not an "officer" under Mo.Rev.Stat. § 77.400, Don Key was

not entitled to removal under the procedures set forth in Mo.Rev.Stat. § 77.340. Therefore, the Court enters summary judgment in favor of defendants and against plaintiff Don Key on the merits of Count IV of plaintiffs' complaint.

### 2. *Count V*

■ In Count V plaintiffs allege that their discharge was unconstitutional under Article II, Section 1 of the Constitution of the State of Missouri, which provides:

The powers of government shall be divided into three distinct departments—the legislative, executive and judicial—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.

Plaintiffs allege that it was an unlawful delegation of power for the fire chief to discharge plaintiffs. Plaintiffs cite the following statutes in support of their argument.

(1) Mo.Rev.Stat. § 77.250 gives the mayor "superintending control of all the officers and affairs of the city."

(2) Mo.Rev.Stat. § 77.260 gives the mayor and council the care, management and control of the city and its finances, and gives them the power to enact ordinances that they shall deem expedient for "the good government of the city, the preservation of peace and good order, the benefit of trade and commerce...."

By ordinance the City of Kennett has conferred upon the fire department head

---

**4.** Mo.Rev.Stat. § 77.340 provides:

The mayor may, with the consent of a majority of all the members elected to the city council, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the council, sitting as a court of impeachment. Any elective officer may, in like manner, for cause shown, be removed from office by a two-thirds vote of all the members elected to the city council, independently of the mayor's approval or recommendation. The mayor may, with the con-

sent of a majority of all the members elected to the council, remove from office any appointive officer of the city at will; and any such appointive officer may be so removed by a two-thirds vote of all the members elected to the council, independently of the mayor's approval or recommendation. The council may pass ordinances regulating the manner of impeachment and removals.

**5.** Mo.Rev.Stat. § 77.400 was amended in 1990 to exclude clerical and professional staff.

the power to hire and discharge employees. Plaintiffs assert that these ordinances attempt to unlawfully delegate powers and duties of the mayor and City Council contrary to state statutes. The Court disagrees. Plaintiffs' interpretation of the relevant statutes would strip city department heads of the basic responsibility of hiring and disciplining their own subordinates. The state statutes which confer upon the mayor and city council superintending control of the city do not require that the mayor and city council personally make decisions regarding the hiring and termination of every city employee. Instead, for "the good government of the city" the mayor and city council are authorized to pass ordinances delegating that power to those in a better position to evaluate the capabilities and performance of city employees.

Plaintiffs cite *Pearson v. Washington, supra,* as support for their argument. *Pearson,* however, involved a delegation of power in violation of Mo.Rev.Stat. § 77.340, which specifically vests in the mayor and City Council the authority to discharge elective and appointive officers. Mo.Rev.Stat. § 77.340, however, is not applicable to the instant matter because plaintiffs were not officers as defined in Mo. Rev.Stat. § 77.400.

Therefore, the Court enters summary judgment in favor of defendants and against plaintiff Don Key on the merits of Count V of plaintiffs' complaint.

### ORDER

In accordance with the memorandum filed herein this day,

IT IS HEREBY ORDERED that defendants' motion for summary judgment on Counts III, IV, and V of plaintiffs' complaint is GRANTED. The Court enters judgment in favor of defendants and against plaintiffs on the merits of Counts III, IV, and V of plaintiffs' complaint.

IT IS FURTHER ORDERED that plaintiffs' cross motion for summary judgment on Counts III, IV, and V of plaintiffs' complaint is DENIED.