Mark MILLER, Appellant,

v.

CITY OF MACON, Respondent.

No. WD 46490.

Missouri Court of Appeals,
Western District.

Jan. 12, 1993.

Brent John Mayberry, Kirksville, for appellant.

Phoebe E. Powell, Macon, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM.

Mark Miller was dismissed from his employment as a police officer for the City of Macon, Missouri. He filed a petition for review with the Circuit Court of Macon County, which entered a summary judgment in favor of the City of Macon. On appeal, Miller claims that the trial court erred by entering summary judgment because the City of Macon had failed to establish that there was no genuine issue of material fact.

Reversed and remanded.

On December 3, 1991, Sergeant Miller, Patrolman Robert Dawson, Patrolman Jeff Stacy, and Officer Sharon Cross were in the dispatch room of the Macon Police Department. Miller picked up a book of Dawson's and remarked that the only thing that it was good for was target practice. Miller then placed the book against the back of Cross' head, while Stacy drew a loaded handgun from his holster and pointed it in the direction of the book. The incident was reported to the Chief of Police, who formally terminated Miller in a letter dated December 6, 1991. Stacy also lost his job as a result of the incident.

Miller then filed a grievance against the City of Macon, claiming that his termination failed to comply with the discharge and disciplinary procedures set forth in the City of Macon's personnel manual. The eight-member Macon City Council conducted a hearing on Miller's claim and voted five to two, with one abstention, that proper procedures were followed in Miller's dismissal.

Miller filed a petition for review of the city council's decision. The City of Macon filed a motion for summary judgment, claiming that Miller was an employee at will with no remedy for a wrongful discharge. Macon's motion for summary judgment was granted by the trial court.

In his sole point on appeal, Miller claims that the City of Macon failed to establish that there was no genuine issue of material fact in this case. Therefore, he argues, the trial court erred in granting the motion for summary judgment.

■ Miller contends that there is a genuine issue of material fact as to whether he was an appointive "officer" for the purpose of section 77.340, RSMo 1986. Section 77.-340 provides that an appointive officer is subject to removal at will by the mayor with the consent of a majority of all the members of the city council or by a two-thirds vote of all the members of the city council. "Officer" is defined by section 77.400, RSMo 1986, as "any person holding any situation under the city government or any of its departments, with an annual salary, or for a definite term of office."

Miller argues that if he was, in fact, an appointive officer, his termination violated section 77.340 because he was terminated by the Chief of Police instead of by the Mayor and/or the requisite number of city councilmen. Miller notes that the vote of the city council was not to terminate him, but to affirm that the proper procedure was used, and even that vote was by less than two-thirds of the entire council.

The City of Macon argues that section 77.340 is not applicable in this case because, as a matter of law, a police officer is not an appointive officer as defined by section 77.400. However, Missouri case law does not reflect such a *per se* rule. In *Amaan v. City of Eureka*, 615 S.W.2d 414, 415 n. 3 (Mo. banc), *cert. denied*, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981), the Missouri Supreme Court acknowledged the applicability of section 77.340 to appointed police officers. In *McNichols v. City of Wellston*, 613 S.W.2d 215, 215–16

(Mo.App.1981), the court ruled that the termination of a police officer by the mayor and city council was proper pursuant to section 77.340. In *Cooper v. City of Creve Coeur*, 556 S.W.2d 717, 720 (Mo.App.1977), the court acknowledged that a police officer might be classified as an appointive officer. And, in *Barnes v. City of Lawson*, 820 S.W.2d 598, 600 (Mo.App.1991), this court declined to invoke any *per se* rule that a police officer was not an appointive officer, but instead relied upon the provisions of a municipal ordinance provided in the record on appeal when it concluded that the police officer in this case was not appointed.

In the case at bar, the City of Macon's motion for summary judgment contained no supporting affidavits or other evidence ruling out the possibility that Miller was an appointive officer for the purposes of section 77.340.[1] The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *Earl v. State Farm Mut. Auto. Ins. Co.*, 820 S.W.2d 623, 624 (Mo.App.1991). The City of Macon failed to satisfy this burden and, therefore, the trial court erred in granting its motion for summary judgment.

Nor was this the only manner in which the City of Macon's motion for summary judgment failed to show that there was no genuine issue of material fact. Said motion for summary judgment was premised upon the idea that Miller was an "employee at will." It is true that third-class cities which do not adopt a merit system police department can dismiss police officers at will, provided that the requirements of section 77.340 are met if the police officer is appointed. *Amaan*, 615 S.W.2d at 415. However, in the case at bar, the City of Macon's motion for summary judgment contained no affidavits or other supporting evidence showing that the city had not adopted a merit system police department.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

---

1. For example, an affidavit or other evidence that Miller was given a monthly salary and that he was not hired for a definite term of employment would have been sufficient to remove him from the protection of the statute. *Shands v. City of Kennett*, 756 F.Supp. 420, 423 (E.D.Mo. 1991).