Glennon R. VATTEROTT, Jr. and Edward Vatterott, d/b/a G & E Vatterott Realty & Building Co., Respondents,

v.

Dennis F. KAY and Charlotte J. Kay, his wife, Appellants.

No. 47441.

Missouri Court of Appeals, Eastern District, Division Two.

June 26, 1984.

Steven W. Koslovsky, Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, for appellants.

Lashly, Caruthers, Baer & Hamel, Alan D. Pratzel, St. Louis, for respondents.

CRIST, Presiding Judge.

In an unlawful detainer action, sellers received a judgment against buyers for $16,500.00 in damages as double the fair rental value of the property. See § 534.-030, RSMo 1978. The parties waived a jury and tried the action to the court. Our review is therefore circumscribed by Rule 73.01(c) as interpreted by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): whether substantial evidence supports the judgment and whether the trial court erroneously declared or applied the law. We reverse with instructions to enter judgment in favor of buyers.

This is a companion case to *Kay v. Vatterott*, 657 S.W.2d 80 (Mo.App.1983). In *Kay*, we affirmed a decree finding buyers entitled to command specific performance by sellers of a land sales contract but awarding damages in lieu thereof due to the impossibility of sellers conveying legal title. The facts included in that opinion are by reference made a part of this opinion.

In October of 1977, the parties executed a land sales contract. Sellers promised to construct a residence and convey the improved realty by February 28, 1978. Sellers, however, failed to complete the house by the promised date, so by agreement closing was postponed to June 30, 1978. The attempt to close on that date proved unsuccessful due to disputes concerning the construction of the house.

On June 30, 1978, the parties executed a written agreement whereby sellers permitted buyers to take possession of the property prior to conveyance of title for the purposes of "storing furniture & living in premises." Two other attempts to close the transaction, in July and December of 1978, proved equally unsuccessful.

On March 28, 1979, sellers presented buyers with notice to vacate the premises by April 30, 1979. After buyers refused to leave, sellers initiated an unlawful detainer action in the Associate Circuit Court. Sellers won a judgment in January 1980. Buyers, however, appealed for a trial de novo in the Circuit Court.

Meanwhile, in September of 1979, buyers filed an action for specific performance against sellers. Sellers counterclaimed for breach of contract. Pending the outcome of the specific performance action, the de novo trial of the unlawful detainer action in the Circuit Court was held in abeyance. *Compare, Heller v. Jentzsch*, 303 Mo. 440, 260 S.W. 979 (1924).

In the specific performance action, the trial court found buyers had obtained and maintained the necessary financing agreements to complete the transaction. The court also found buyers ready and willing to consummate their agreement with sellers. Sellers, however, never completed the necessary work on the improvements.

Specific performance was unavailable as a remedy, however, because sellers had defaulted on their construction loan and the land was sold at a trustee's sale by the lender. Therefore, buyers were awarded damages. See *Dunning v. Alfred H. Mayer Co.*, 483 S.W.2d 423 (Mo.App.1972). Sellers' counterclaim was denied.

Following entry of judgment in the specific performance action, sellers continued to pursue the de novo trial in unlawful detainer. Buyers, in defense, attempted to plead the effect of the specific performance decree but the trial court struck their pleading and refused to allow the decree to be admitted.

At the unlawful detainer trial, sellers admitted placing buyers in possession of the property prior to conveying title.

 Normally a seller retains the right of possession to real property until it is conveyed. A seller is free to relinquish that possession, however. Where a buyer under an executory land sales contract is placed in possession of the property prior to closing, the buyer assumes the right of possession so long as he has not defaulted on his terms under the contract.

 In the present case buyers' initial entry and possession of the property was lawful and peaceable with sellers' knowledge and consent. Since buyers thereafter

maintained a willingness and ability to perform, they possessed a right to have the property conveyed to them, a right recognized in the specific performance action.

■ Under circumstances where a seller places a buyer in possession of property pursuant to a land sales contract and the buyer is willing and able to perform but seller breaches, the remedy of unlawful detainer is not appropriate to settle the dispute between the parties concerning possession. *Ragsdale v. Phelps*, 90 Mo. 346, 2 S.W. 300, 301 (1886). See also, *Young v. Ingle & Scribner*, 14 Mo. 426 (1851).

We hold the trial court erred in failing to admit the specific performance decree as it constituted evidence of the nature of buyers' possession of the property. In the interests of judicial economy, rather than remanding, we hold the effect of the specific performance decree and the facts found therein, coupled with sellers' admission that they voluntarily placed buyers in possession of the property pending the conveyance, affirmatively show sellers were not entitled to maintain an action in unlawful detainer.

The trial court's judgment is reversed with instructions to enter judgment in favor of buyers.

PUDLOWSKI and SIMON, JJ., concur.