Bruce BACH and Harry Seigfried, Plaintiffs/Respondents,

v.

Kevin McGRATH, Defendant/Appellant.

No. 73892.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 1, 1998.

Thomas H. Ullman, St. Charles, for appellant.

Kathryn B. Davis, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

Plaintiffs brought an unlawful detainer action as owners pursuant to Section 534.030, RSMo Cum.Supp.1997, against Defendant contending he had willfully and without force held over possession of premises at 914 N. Rock Hill, St. Louis, after termination of the time for which the premises had been leased to him. Defendant appeals the trial court's entry of judgment granting Plaintiffs possession of the premises and further ordering Defendant to pay $2,750 for damages and costs due.

In appeals from unlawful detainer actions, our standard of review is the same announced in Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), for court-tried cases. *Kohnen v. Hameed,* 894 S.W.2d 196, 200 (Mo.App. E.D.1995). We defer to the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy,* 536 S.W.2d at 32. Further, we review the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences and disregarding contrary evidence and inferences. *Stamatiou v. El Greco Studios, Inc.,* 898 S.W.2d 571, 573 (Mo.App. W.D.1995).

Following this standard, the evidence at trial revealed the following facts. On March 27, 1995, Defendant's father, William McGrath, owned the property in question at 914 N. Rock Hill. Facing an impending foreclosure "within minutes," McGrath agreed to sell the property to Plaintiffs. At trial, McGrath testified that he understood that in return for his quit claim deed to the property, Plaintiffs agreed to: (1) pay off his mortgage; (2) pay an outstanding bill to Metropolitan Sewer District; (3) pay him $5,000; and (4) resell the house to Defendant. At the time of this "deal," Defendant lived in the house. While not clear from the record, it appears as if this agreement with McGrath was simply an oral one and nothing was put in writing.

Following Plaintiffs attaining ownership of the property, Defendant remained in the house. In a matter of weeks, Plaintiffs presented Defendant a document entitled "Lease With Option to Buy." Plaintiff Bach testified that the document was offered to Defendant as a requirement for his continued occupation of the Rock Hill property. Defendant refused to sign the document and said he had to show it to his lawyer. Defendant testified that he wanted to have the document examined by a lawyer, but instead placed it in a stack of papers where it was "buried and forgotten." In the end, neither Defendant nor Plaintiffs ever executed the document in question. Afterward, Defendant paid Plaintiffs $550 a month from April 1995 until July 1997. Plaintiff Bach testified that he treated all the payments as rent.

On May 29, 1997, a civil process server posted a notice of termination of tenancy on the Rock Hill property. The notice indicated the tenancy would terminate at the end of June 1997. When Defendant refused to leave the premises, Plaintiffs filed this unlawful detainer action to regain possession of the Rock Hill property. In his defense of the unlawful detainer action, Defendant attempted to show he had possession of the property pursuant to an oral contract for sale. Following trial, the court entered judgment in favor of Plaintiffs. Defendant appeals.

In Point I, Defendant contends the trial court erred in finding him guilty of unlawful detainer and entering judgment in favor of Plaintiffs. Defendant raises three sub-points to support this contention. In sub-point I(A), Defendant argues the uncontroverted evidence shows the parties entered into a "written but unsigned" agreement for him to purchase the property from Plaintiffs. In essence, Defendant contends he has a valid oral contract to buy the property. The resolution of this point necessarily requires the determination of Defendant's next sub-point. In sub-point I(B), Defendant argues the evidence of his oral agreement with Plaintiffs should not have been excluded on the basis of the Statute of Frauds, Section 432.010, RSMo 1994, because: (1) the Statute of Frauds does not apply in this action; (2) the evidence shows substantial partial performance of the contract, thereby removing it from the Statute of Frauds; and (3) Plaintiffs waived any Statute of Frauds objection by failing to raise the objection in their responsive pleadings or at the first opportunity.

 As correctly stated by Plaintiffs in this matter, Defendant's theories are equitable defenses which may not appropriately be advanced in an unlawful detainer action. There is no written agreement signed by the Plaintiffs to sell the real estate in question. Defendant appears to concede this issue, but attempts to bring his case outside the Statute of Frauds by essentially arguing he has an enforceable oral contract. However, such arguments are simply equitable contentions. *See, Haugland v. Parsons,* 863 S.W.2d 609, 610 (Mo.App. E.D.1992). While Defendant may prevail on such arguments if he brings a suit in equity for specific performance, he cannot raise them as defenses to an unlawful detainer action. Issues related to title or matters of equity may not be interposed as defenses in an unlawful detainer action. *Leve v. Delph,* 710 S.W.2d 389, 391 (Mo.App. E.D.1986). Unlawful detainer actions are summary proceedings where the sole issue in contention is the immediate right of possession. *Id.* at 391–92. The limited scope of an unlawful detainer action requires a separate equitable suit for Defendant's claims. *Henze v. Shell Oil Co.,* 758 S.W.2d 93, 94 (Mo.App. E.D.1988); *See also, McNeill v. McNeill,* 456

S.W.2d 800, 805–06 (Mo.App.1970); *Sanders v. Brooks,* 238 Mo.App. 485, 183 S.W.2d 353, 358 (Mo.App.1944).

Defendant relies on *Vatterott v. Kay,* 672 S.W.2d 733 (Mo.App. E.D.1984). In that case, sellers had brought an unlawful detainer action against buyers who had taken possession after execution of a written land sales contract which permitted them to take possession pending conveyance of the title. Sellers failed to close on the property, but the buyers continued to retain possession of the property. This court held the unlawful detainer action was improper "where a seller had placed a buyer in possession of property pursuant to a land sales contract and the buyer is willing and able to perform but seller breaches...." *Id.* at 735.

*Vatterott* differs from the case at hand in several significant respects. First, the parties in *Vatterott* had executed a written land sales contract. Second, while the unlawful detainer action was pending, the buyers filed a separate action for specific performance of the contract. The unlawful detainer action was then held in abeyance while the equity suit was tried. The buyers ultimately prevailed in the equity suit. Under those facts, this court held evidence of the judgment in the equity suit was admissible and the unlawful detainer should have been dismissed. These are not the facts presented in this appeal today. Defendant does not present a written and executed land sales contract to buy the property. Also, Defendant never requested the abeyance of the unlawful detainer action while he proceeded with his separate equity suit. Therefore, the precise issues presented in *Vatterott* are not present in this case.

If Defendant had wanted to stay the unlawful detainer suit, he could have done so by filing a separate equitable suit for specific performance. However, Defendant did not seek to have the unlawful detainer action stayed by filing a separate suit. As such, Defendant could not present his equitable defenses at trial because the unlawful detainer action is not the appropriate forum for resolving these types of issues. Any further discussion of sub-points I(A) and I(B) would

have no precedential value and we decline to do so. Rule 84.16(b). We find no error in the trial court's entry of judgment in favor of Plaintiffs.

In each of his remaining points, sub-point I(C), Point II and Point III, Defendant raises essentially the same argument. In sub-point I(C), Defendant argues an unlawful detainer action is inapplicable because he is in lawful possession of the property pursuant to an oral executory land sales contract. In Point II, Defendant again argues the remedy of unlawful detainer is not available to Plaintiffs because the evidence does not show the existence of a landlord-tenant relationship. Finally, in Point III, Defendant argues Plaintiffs should have brought a suit for ejectment, not unlawful detainer.

■ These points are without merit. As outlined above, Defendant could not present his equitable defenses in this unlawful detainer action. Plaintiffs own the property and Plaintiff Bach testified that he treated the monthly payments from Defendant as rent. As owners, Plaintiffs are entitled to possession of their property. Absent any resolution of his equitable claims in a separate suit, the evidence shows, at best, Defendant is a month-to-month tenant of Plaintiffs. *See, Longmier v. Kaufman,* 663 S.W.2d 385, 389 (Mo.App. E.D.1983) (public policy of Missouri construes an unwritten lease agreement as a month-to-month tenancy). Therefore, Defendant's tenancy could be terminated after written notice of termination "upon a periodic rent-paying date not less than one month after the receipt of the notice." Section 441.060, RSMo Cum.Supp.1997. Here, Defendant held over after the termination of his tenancy and Plaintiffs may bring an unlawful detainer action to remove him from possession of the property. Points denied.

The judgment is affirmed.

ROBERT G. DOWD, Jr., C.J., and KAROHL, J., concur.