**US BANK, NA, Respondent,**

v.

**Clinton WATSON, Appellant.**

**No. ED 97784.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 6, 2012.

Rehearing Denied Dec. 31, 2012.

Clinton Watson, St. Louis, MO, Pro Se.

Jennifer Stoehr, Jennifer Mary West, South & Associates, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Clinton Watson ("Watson") appeals from the trial court's entry of summary judgment in favor of U.S. Bank in its action against Watson for unlawful detainer. In its judgment, the trial court found that there was no issue as to any material fact to U.S. Bank's claim for unlawful detainer. The trial court then held U.S. Bank was entitled to possession of the real property occupied by Watson, and to damages resulting from Watson's failure to surrender

possession of said property. On appeal, Watson argues that the trial court erred in granting summary judgment because it did not consider a prior judgment concerning the underlying deed of trust. Watson contends evidence of the prior judgment created an issue of material fact as to his lawful possession of the property, which precluded the entry of summary judgment in U.S. Bank's favor. Because the trial court was statutorily prohibited from considering the prior judgment in an action for unlawful detainer, we hold that the trial court properly concluded that there was no genuine issue of material fact as to the claim for unlawful detainer, and affirm the trial court's entry of summary judgment.

### Factual and Procedural History

The facts, construed in the light most favorable to Watson, are as follows. On October 8, 2002, Watson executed a deed of trust encumbering the real property at issue and a corresponding promissory note. The deed of trust stated, in relevant part: "[Watson] without notice or demand shall and will surrender peaceable possession of the Property to Trustee upon default or to the purchaser of the Property at the foreclosure sale." Watson subsequently defaulted under the terms of the promissory note secured by the deed of trust and the successor trustee foreclosed on the deed of trust. Watson received notice of a trustee sale, which took place on August 31, 2010. US Bank purchased the property at the trustee's sale. On September 1, 2010, the successor trustee deeded the property to U.S. Bank.

US Bank filed the underlying unlawful detainer action after Watson refused to surrender possession of the property. US Bank subsequently filed a motion for summary judgment, which the trial court granted. The trial court ordered Watson to surrender the property and awarded U.S. Bank damages. In response, Watson filed an application for trial de novo. US Bank filed a second motion for summary judgment. The trial court again granted summary judgment in favor of U.S. Bank declaring that U.S. Bank was entitled to possession of the property, and awarding damages to U.S. Bank in its action for unlawful detainer. Watson now appeals.

### Point on Appeal

In his sole point on appeal, Watson argues that the trial court erred in granting summary judgment when it failed to consider evidence of a prior judgment in an action to quiet title to the property. Watson suggests the prior ruling creates a genuine issue of fact as to Watson's right to possess the property at issue, and thereby precluded the entry of summary judgment.

### Standard of Review

We review the entry of summary judgment de novo. Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 46 (Mo. banc 2009). We review the record in the light most favorable to the party against whom judgment was entered. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm where the pleadings, depositions, affidavits, answers to interrogatories, exhibits, and admissions establish that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beyerbach v. Girardeau Contractors, Inc., 868 S.W.2d 163, 165 (Mo.App. E.D.1994).

### Discussion

 The disposition of this appeal is guided by our acknowledgment that, in Missouri, an action for unlawful detainer is a *limited* statutory action where the sole

issue to be decided is the *immediate* right of possession to a parcel of real property. *State ex rel. Deutsche Bank Nat. Trust Co. v. Chamberlain,* 372 S.W.3d 24, 28 (Mo. App. W.D.2012). The authorizing statutes narrowly define the proof required by a plaintiff in an unlawful detainer action, stating in pertinent part:

> The complainant shall not be compelled to make further proof of the . . . detainer than that he was lawfully possessed of the premises, and that the defendant . . . unlawfully detained the same.

*Chamberlain,* 372 S.W.3d at 28, *quoting* Section 534.200.[1] The governing statutes also explicitly state: "[t]he merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter." Section 534.210. The summary nature of unlawful detainer prohibits litigants from introducing issues related to title or matters of equity as a claim or a defense. *Walker v. Anderson,* 182 S.W.3d 266, 269 (Mo.App. W.D.2006); *Central Bank of Kansas City v. Mika,* 36 S.W.3d 772, 774 (Mo.App. W.D.2001). Where a homeowner disputes a lender's right or ability to foreclose upon the homeowner's property on the basis that the deed of trust is invalid, the homeowner has the legal right to seek an injunction against the foreclosure by proceeding in an action in equity. *Chamberlain,* 372 S.W.3d at 32. However, what the homeowner may not do is wait until after foreclosure, and then challenge the validity of the deed of trust as a defense in a subsequent unlawful detainer action. *Id.; see also Bach v. McGrath,* 982 S.W.2d 734, 736 (Mo.App. E.D.1998) (in unlawful detainer action, holdover tenant not permitted to present evidence that tenant had possession of property pursuant to an oral contract for sale of property because "equitable defenses . . . may not appropriately be advanced in an unlawful detainer action.").

▮ In this case, Watson argues that the entry of summary judgment was error because the trial court should have considered a prior court ruling in a separate action to quiet title that examined the validity of the underlying deed of trust. Watson claims that a prior trial court judgment invalidated the deed of trust, and therefore the foreclosure and subsequent sale of the property based upon the unreformed deed were invalid. Watson contends that the invalidity of the foreclosure sale defeats U.S. Bank's claim to immediate right of possession in its unlawful detainer action. Watson cites *Vatterott v. Kay,* 672 S.W.2d 733 (Mo.App. E.D.1984) for the proposition that, in an unlawful detainer suit, a trial court may consider prior adjudications of title as evidence of the right to possession.

In *Vatterott* the sellers of real property executed a contract for the sale of the property to buyers. The sale contract was contingent upon the sellers completing construction of a house on the property prior to the stated closing date. *Id.* at 734. The sellers were unable to timely complete the construction of the house, but surrendered possession of the property to the buyers pending completion and prior to closing. *Id.* When the parties failed to close on the property, the sellers brought an action for unlawful detainer against the buyers. *Id.* The sellers obtained a judgment on the action for unlawful detainer, but the buyers appealed for a trial *de novo. Id.* While the unlawful detainer action was pending, the buyers filed a separate suit seeking specific performance against sellers for the execution of the land sale contract. The trial court in the specific performance action held that the remedy

---

1. All statutory references are to RSMo. Cum. Supp. (2011).

of specific performance was not available to buyers because the sellers had defaulted on a construction loan and the property had been sold at a trustee's sale. *Id.* However, the trial court entered judgment in favor of buyers and awarded buyers damages.

Following the adjudication of the buyers' specific performance action, the sellers resumed their prosecution of the unlawful detainer action. *Id.* The buyers offered the judgment of the trial court in the specific performance action into evidence as a defense to sellers' action for unlawful detainer. *Id.* The trial court refused to consider the prior decree and entered judgment for the sellers. *Id.* On appeal, this Court found that the trial court erred in failing to consider the judgment rendered by the trial court in the specific performance action. *Id.* at 735. In *Vatterott,* we explained that "[u]nder circumstances where a seller places a buyer in possession of property pursuant to a land sales contract and the buyer is willing and able to perform but seller breaches, the remedy of unlawful detainer is not appropriate to settle the dispute between the parties concerning possession." *Id., citing Ragsdale v. Phelps,* 90 Mo. 346, 2 S.W. 300, 301 (1886).

Our holding in *Vatterott* provides no support for Watson because the facts in *Vatterott* are substantially distinguishable from the facts before us. *Vatterott* addressed a dissimilar factual scenario where a trial court previously adjudicated issues of title and possession between the same parties and real property that were the subject of the unlawful detainer action. *Id.* In this case, no underlying contract exists between the parties for the sale of the real property, and no prior adjudication exists as to title or the right of possession of the property between these parties. Rather, Watson seeks the trial court's consideration of an unrelated judgment between different parties in an action that is not based upon the sale of the property at issue or the pre-sale surrender of possession of the property. Given these facts, *Vatterott* has no application to the instant case and is not available to Watson. *See Bach,* 982 S.W.2d at 736 (declining to extend *Vatterott* to permit inquiry into equitable defenses related to title in unlawful detainer action where parties did not have an executed land sale contract and where unlawful detainer action not held in abeyance during pendency of resolution of suit to determine title). Because the limited exception provided in *Vatterott* does not apply in this case, the trial court was statutorily barred from considering the prior adjudication and judgment. *See* Sections 534.200 and 534.210.

The requirements to assert an action for unlawful detainer following foreclosure are clear. The plaintiff must demonstrate that the deed of trust has been foreclosed upon, the defendant received notice of the foreclosure, and that the defendant refused to surrender possession of the property. Section 534.030; *see JP Morgan Chase Bank v. Tate.* 279 S.W.3d 236, 239 (Mo. App. E.D.2009). In its Statement of Uncontroverted facts, U.S. Bank alleged the existence of all necessary material facts to establish its right to summary judgment in its action for unlawful detainer. In response, Watson filed "Defendant's Objection and Responses to Plaintiff's Statement of Uncontroverted Facts." In his filing, Watson admitted, or failed to deny, each of the material facts posited by U.S. Bank, except to the limited extent that Watson contested those facts because of the judgment rendered in the prior action to quiet title. Watson's denial of U.S. Bank's Statement of Uncontroverted Facts relates solely to the issue of title, a fact which may not be considered by the trial court in this action. Accordingly, no genuine issue as

to any material fact exists,[2] and the trial court correctly held that U.S. Bank is entitled to summary judgment on its action for unlawful detainer.

### Conclusion

Finding no error, we affirm the judgment of the trial court.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., Concurs.

---

**2.** Under Mo. R. Civ. P. 74.04(c) (2012), a defendant's failure to deny a fact alleged as uncontroverted by a plaintiff during summary judgment results in the admission of that fact for the purposes of summary judgment. Mo. R. Civ. P. 74.04(c). For the defendant's denial of a fact to have effect, the defendant's "response shall support each denial with specific references to the discovery, exhibits, or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Mo. R. Civ. P. 74.04(c).