

# Missouri Court of Appeals

## Southern District

### In Division

IN THE ESTATE OF                )
ANTHONY M. VRANA, DECEDENT,      )
SANDRA FIDURA-PHILLIPS,          )
                                 )
      Appellant,       )   No. SD37889
                                 )
vs.                              )   Filed:  September 25, 2023
                                 )
AARON WILSON,                    )
                                 )
      Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable Kerry G. Rowden, Judge

**<u>AFFIRMED</u>**

This appeal arises from a judgment determining a February 2022 petition filed by Sandra Fidura-Phillips ("Appellant" or "Seller"), as personal representative for the estate of Anthony Vrana ("Decedent"), seeking authorization to execute a pending contract for the sale of a certain parcel of real estate ("the Property").  *See* section 473.303.[1]  Aaron Wilson ("Respondent") intervened in the case, claiming ownership of the Property had already transferred to himself upon Decedent's death by way of a beneficiary deed ("the Beneficiary Deed").  *See* section

---

[1] All statutory references to Chapter 473 are to RSMo 2016.

461.025.[2]  Ultimately, the Probate Division of the Maries County Circuit Court ("the probate court") ruled in Respondent's favor and denied Appellant's petition.  Appellant appeals, contending the probate court misapplied the law.  Finding no merit in this contention, we affirm.

"[T]he probate court judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Estate of Washington*, 603 S.W.3d 885, 888 (Mo.App. 2020) (internal quotation marks omitted).  "A claim that the trial court erroneously declared or applied the law is reviewed *de novo*." *Id.* at 889 (internal quotation marks omitted).

The relevant factual background is undisputed.  At all relevant times prior to his death, Decedent was the owner of the Property.  In March of 2012, Decedent executed the Beneficiary Deed conveying title in the Property to Respondent upon Decedent's death and that Beneficiary Deed was recorded with the Recorder of Deeds of Maries County.

Prior to his death, Decedent also executed (1) his last will and testament making Appellant the personal representative of and awarding her his entire probate estate and (2) a durable power of attorney naming Appellant as his attorney-in-fact.  In June of 2021, Appellant, as Decedent's attorney-in-fact, entered into a "Residential Purchase Agreement" with Wyatt G. Deckard and Brittany Ann Brown (collectively, "Buyers") to sell the Property.  Section XIII of the Residential Purchase Agreement specifically states that "Seller shall convey title to the Property by Warranty Deed or equivalent."

---

[2] Chapter 461 concerns non-probate transfers, including beneficiary deeds.  Because the Beneficiary Deed in this case was executed prior to the publication of RSMo 2016, the appropriate reference for that Chapter is RSMo 2000. We note, however, that all of the Chapter 461 statutes cited in this opinion have not been amended since RSMo 2000 and, therefore, their RSMo 2016 versions remain identical.

In October of 2021, Decedent died. The closing for the sale of the Property to Buyers, which was to take place no later than February 1, 2022, had not yet occurred, and Appellant had not yet executed a warranty deed or equivalent conveying the Property to the Buyers per the terms of the Residential Purchase Agreement.

In its judgment, the probate court relied on the analysis of relevant law by ***Hammack v. Coffelt Land Title, Inc.***, 348 S.W.3d 75 (Mo.App. 2011). Like the instant case, ***Hammack*** involved a beneficiary deed conveying a real estate interest to a party (referred to as the "Farm Trust," which would receive the transfer via the "Family Trust") upon the death of the grantor, Stanley Hammack. ***Id.*** at 77-78. Also, like the instant case, Stanley Hammack entered into a contract to sell the real estate interest to other parties but passed away prior to the closing for that sale. ***Id.*** at 78-79.

However, unlike the instant case, Stanley Hammack (among other sellers) delivered a general warranty deed to an escrow agent, which, under the terms of the contract, was transferred to the purchasers at closing upon the fulfillment of certain conditions. ***Id.*** "For a deed to be operative as a transfer of the ownership of land it must be delivered." ***Id.*** at 80 (internal quotation marks omitted). "A conditional delivery, or a delivery 'in escrow,' means that delivery is conditioned upon the performance of some act or the occurrence of some event." ***Id.*** at 81 (internal quotation marks omitted). The ***Hammack*** court ruled that the subsequent transfer to the purchasers upon fulfillment of the contract conditions was deemed to "relate back" to the conditional delivery date, when the general warranty deed was delivered to the escrow agent. ***Id.*** at 82-83 (discussing the relation back doctrine).

Regarding the beneficiary deed, the ***Hammack*** court stated that "because a beneficiary under a beneficiary deed has no rights in the property prior to the death of the owner the property

3

(section 461.031.1, RSMo 2000), the beneficiary deed could be revoked or changed in whole or in part during the lifetime of the owner." 348 S.W.3d at 83 (citing section 461.033.1). "A transfer during the owner's lifetime of the owner's interest in the property terminates the beneficiary designation with respect to the property transferred." *Id.* (citing section 461.033.5). Thus, the court held that the Farm Trust's beneficiary deed was terminated during Stanley Hammack's lifetime when, under the relation back doctrine, the general warranty deed was transferred to the escrow agent. *Id.*

Yet, the ***Hammack*** court went on to acknowledge "that the death of Stanley Hammack put this case in a unique circumstance." *Id.* The court suggested that "[h]ad the parties not made a conditional delivery, or a delivery 'in escrow,' of the general warranty deed, the beneficiary deed *would have conveyed Stanley Hammack's interest in the property to the Farm Trust via the Family Trust by operation of law*." *Id.* (emphasis added). In support of this proposition, the ***Hammack*** court relied on section 461.025.1, which provides that a properly executed beneficiary deed is "effective on the death of the owner" of the property subject to the deed. 348 S.W.3d at 83.

Here, the probate court noted that, like the hypothetical presented in ***Hammack***, "no deed for the Property in favor of the Buyers had been executed before Decedent's death, and certainly, no delivery (conditional or otherwise) of any such deed had occurred." Given these differences, the probate court concluded that, per the ***Hammack*** court's construction of the relevant statutes in Chapter 461, the Beneficiary Deed was never terminated and, under section 461.025, became "effective upon the death of [Decedent]." The probate court concluded that "because the Beneficiary Deed conveyed the Property upon Decedent's death, the Property is not part of the

4

above-captioned estate, and [Appellant] does not have the right to convey the Property to the Buyers."

Appellant grounds her argument on appeal, however, on statutory provisions found in Chapter 473. Section 473.303, under which Appellant filed the petition, allows a personal representative of an estate to seek a court order to execute a contract that the decedent entered into but did not execute during the decedent's lifetime. Section 473.310.1 specifically provides that "[i]f the court, after hearing all parties, believes that specific execution of such contract ought to be made, it shall make an order that the personal representative *execute and deliver an instrument of conveyance to the person entitled thereto upon performance of the contract*." (Emphasis added.) The probate court misapplied the law, according to Appellant, "because the relevant Missouri statutes do not require any actual conveyance [of a deed] to have happened, in that [section] 473.310 expressly envisions the necessary instruments of conveyance being executed *after* the court orders specific performance of the [D]ecedent's contract." This argument is flawed in that it misconstrues the probate court's judgment.

Contrary to Appellant's argument otherwise, the probate court did *not* conclude that conveyance of a deed to the Buyers was a prerequisite to order specific performance of the Residential Purchase Agreement under section 473.310. The probate court merely concluded that the Beneficiary Deed, which is governed by Chapter 461, became effective at Decedent's death and, therefore, specific performance of the Residential Purchase Agreement was not appropriate. Nothing about this conclusion runs afoul of or ignores mechanisms set out in Chapter 473. Appellant availed herself of those mechanisms and sought specific performance of the Residential Purchase Agreement. Section 473.303 permitted her to do so. But section

5

473.310.1 only allows for the relief sought *if* the probate court believes specific execution of such contract ought to be made.

Ultimately, the probate court believed that specific performance of the Residential Purchase Agreement ought *not* to be made. We find no misapplication of law as to this ruling. While the ruling was based on a hypothetical in **Hammack** (addressing what *would have happened* had no conditional delivery of a deed been made), *see* 348 S.W.3d at 83, and such hypothetical arguably amounts to dicta, as Appellant argues, the analysis of the applicable law is nevertheless sound.

Here, the Residential Purchase Agreement required Decedent to transfer his interest in the Property by Warranty Deed or equivalent. Indeed, the law requires that "a deed must be delivered for it to operate as a transfer of the ownership of land, as delivery of the deed gives the instrument force and effect." **Hoefer v. Musser**, 417 S.W.3d 330, 338 (Mo.App. 2013) (internal quotation marks omitted). But, unlike the situation presented in **Hammack**, here no deed delivery occurred, conditional or otherwise. Absent a transfer of Decedent's interest in the Property, or any other means of revoking the Beneficiary Deed, *see* section 461.033, Decedent's interest transferred to Respondent upon Decedent's death by operation of law. *See* section 461.025.1. Thus, the Property was not a part of Decedent's estate and, therefore, specific performance of the Residential Purchase Agreement under section 473.310 was unavailable. *Cf.* **Vatterott v. Kay**, 672 S.W.2d 733, 734 (Mo.App. 1984) ("Specific performance was unavailable as a remedy [to buyers], however, because sellers had defaulted on their construction loan and the land was sold at a trustee's sale by the lender.").

Appellant observes and is likely correct that "had [Decedent] died four months later – or after the February 1, 2022 closing date – it seems the [probate court] would have reached a

different decision." But Appellant then complains, "[l]egal principles should not depend on the vagaries of how soon after contracting the decedent dies." We disagree with this framing. Life inherently exists with vagaries, and the law can be used, ideally, to mitigate such uncertainty. Prior to his death, Decedent (or Appellant on his behalf) *could have* executed an instrument revoking the Beneficiary Deed. Then, following Decedent's death, specific performance of the Residential Purchase Agreement may have been warranted under section 473.310.[3] Failing to take such proactive action, however, the matter was left to chance and Appellant ultimately lost. Point denied.

The probate court's judgment is affirmed.

BECKY J.W. BORTHWICK, – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

---

[3] The fact that the Beneficiary Deed was in effect at Decedent's death distinguishes this case from the cases cited and relied upon by Appellant. *See **Jennings v. Atkinson***, 456 S.W.3d 461 (Mo.App. 2014); ***In re Estate of Mounts***, 39 S.W.3d 499 (Mo.App. 2000).