

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| VANGUARD HEIGHTS D/B/A SANDHURST APARTMENT MANAGEMENT, | ) ) ) ) | No. ED112107 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | 23SL-AC22618 |
| HAITHAM SOURAKLI, | ) ) | Honorable Matthew H. Hearne |
| Appellant. | ) ) | Filed: May 6, 2025 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

## OPINION

Vanguard Heights d/b/a Sandhurst Apartment Management sued its tenant, Haitham Sourakli, for unlawful detainer when Sourakli failed to vacate a leased apartment following Vanguard's June 2023 notice to Sourakli that the lease would not be renewed upon its expiration on August 11, 2023.[1] Sourakli claimed that once he held over beyond August 11, 2023, another provision of the lease created a new tenancy between the parties – a month-to-month tenancy – which required Vanguard to give a second termination notice, this one a one-month statutory notice under section 441.060.4.[2] The trial court disagreed and entered judgment on the petition

---

[1] According to the parties' representations at the February 20, 2025 oral argument in this case, Sourakli continues to occupy the premises.

[2] All statutory references are to the Revised Statutes of Missouri (2016).

awarding Vanguard possession and damages for past rent owed and double rent going forward until Sourakli surrenders the premises and satisfies the judgment.

In this appeal, Sourakli claims that the trial court misapplied the law and misconstrued the lease because in the addendum to the lease the parties agreed that for "[r]esidents who holdover after the termination of this lease, the tenancy shall thereafter be from month to month in the absence of any written agreements to the contrary." Sourakli argues therefore that when he did not vacate the apartment on August 11, 2023, he became a month-to-month holdover tenant and section 441.060.4 kicked in to require Vanguard to give him a one-month written notice to vacate which Vanguard failed to do.

The call here is close, but we agree with Sourakli. We acknowledge that Vanguard's June 2023 notice complied with certain lease terms governing lease termination, namely paragraphs 3 and 40, and if the lease had stopped there, Vanguard would have been entitled to dispossess Sourakli of the premises through this unlawful detainer action without further notice. But Vanguard chose to include additional, highly-relevant terms in the addendum that address the specific issue here – Sourakli's holdover status and the creation of a new tenancy. And, importantly, Vanguard agreed that the addendum was not only part of the lease but that it "supersede[d] any conflicting provisions in this printed lease contract form." Inasmuch as we are duty-bound to find and give meaning to all applicable lease provisions and to the lease as a whole, we must hoist Vanguard on its own petard and enforce the lease as written.

## Background

Sourakli leased Unit 204 of an apartment complex Vanguard managed on Old Olive Street Road in Creve Coeur, Missouri. In 2020, the parties executed an initial one-year lease of the premises. By its terms, the lease did not automatically renew, however, the parties renewed

it twice. The second renewal occurred in 2022 when the parties executed the lease before us now for the one-year term from August 12, 2022 through August 11, 2023.

The lease consists of two documents. The first is an eight-page document titled "Apartment Lease Contract" which the lease referred to as a "printed lease contract form" and which contain in numbered paragraphs most of the lease's general terms. The second document is a one-page addendum consisting of an unnumbered paragraph titled "Additional Special Provisions." The parties separately executed each of these documents. Paragraph 10 of the eight-page portion of the lease states that "any addenda" became part of the lease and superseded any conflicting provisions set forth elsewhere in the lease.

Paragraphs 3, 40, and 44 address lease termination. Paragraph 3 states that if Sourakli intends to move out *before* the end of the one-year term, he must give at least 60-days' written notice of that intent. Paragraph 44 reiterates this requirement. As for Vanguard's termination rights, paragraph 40 states that if Vanguard provides Sourakli with a notice to vacate in accordance with paragraph 3, or in accordance with any other provision of the lease or applicable law, then Sourakli must vacate the premises at the expiration of the lease without further notice or demand.

Then, in a section of the lease entitled "Responsibilities of Owner and Resident," paragraph 32 addresses multiple subjects pertaining to the parties' rights and responsibilities in the event of a resident's default. "Holdover" is one of paragraph 32's subheadings and provides that if Sourakli fails to move out upon the termination of his tenancy, Vanguard has the right to file an action against him seeking immediate possession of the premises and to recover an amount representing double the lease's specified monthly rent for the "holdover period."

3

The addendum also addresses the holdover situation but does so differently. First, it creates a month-to-month tenancy – "[for] residents who hold over after the termination of this lease, *the tenancy shall thereafter be from month to month* in the absence of any written agreements to the contrary." (Emphasis added). In contrast, paragraph 32's holdover language makes no reference to the creation of a new tenancy but limits itself to the landlord's remedies in the event of a holdover including immediate possession. Moreover, the addendum provides Vanguard with a different remedy. While paragraph 32 allows Vanguard to seek double rent for the holdover period, the addendum allowed only a 25% increase in rent during such period.

On June 1, 2023, Vanguard notified Sourakli that it was unwilling to renew the lease again such that it would expire on August 11, 2023. Sourakli remained in the apartment beyond August 11 claiming his age, health, and financial condition precluded his departure.[3] Vanguard has rejected the rent payments Sourakli tendered during the pendency of this action.

On August 14, 2023, Vanguard filed this unlawful detainer action seeking immediate possession of the apartment unit and damages per paragraph 32 of the lease of two times the monthly rent amount and attorneys' fees. On October 5, 2023, after a bench trial, the court granted Vanguard's unlawful detainer petition and awarded Vanguard $6,876.00 in damages. The trial court also awarded Vanguard double the monthly rent from the date of the judgment until Sourakli surrenders possession and satisfies the judgment.

This appeal follows.

**Standard of Review**

In a bench-tried case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares

---

[3] Sourakli's justifications for holding over are not relevant to our analysis.

the law, or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences. *Adams v. Ware*, 691 S.W.3d 304, 308 (Mo. App. E.D. 2024). But, we conduct *de novo* review of legal questions such as the interpretation of a lease agreement. *CP3 BP Associates LLC v. CSL Plasma Inc.*, 645 S.W.3d 654, 659 (Mo. App. E.D. 2022).

## Discussion

### A.

We now turn to the simple question upon which this case turns – did the controlling terms of the lease, spelled out in the superseding addendum, create a month-to-month tenancy between the parties when Sourakli held over beyond August 11, 2023 such that Vanguard owed Sourakli a one-month written notice to vacate as required by section 441.060.4. Because we find that it did and that the circuit court ignored the controlling addendum language, we reverse.

"We follow the rules of contract construction when interpreting lease agreements." *Dunn v. Baker*, 533 S.W.3d 831, 835 (Mo. App. E.D. 2017). "The cardinal rule of contract interpretation is to ascertain the parties' intention and to give effect to that intention." *Sonoma Management Co., Inc. v. Boessen*, 70 S.W.3d 475, 479 (Mo. App. W.D. 2002). We determine the intent of the parties based upon the four corners of the contract unless it is ambiguous. *C.B. Commercial Real Estate Group, Inc. v. Equity Partnerships Corp.*, 917 S.W.2d 641, 646 (Mo. App. W.D. 1996). Moreover, "[t]he terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning." *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

5

"'An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property.'" *O'Connell v. Deering*, 631 S.W.3d 649, 653 (Mo. App. S.D. 2021) (quoting *Federal Nat. Mortg. Ass'n v. Wilson*, 409 S.W.3d 490, 495 (Mo. App. E.D. 2013)). "Unlawful detainer occurs '[w]hen any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person[.]'" *Id.* (quoting section 534.030.1).

The statutes governing notice in an unlawful detainer action must be strictly construed. *Id.* Section 441.060.4 provides that a landlord may terminate a month-to-month tenancy by written notice at least one month before the rent's due date.

## B.

The addendum's language warrants repeating: "HOLDOVER: Residents who holdover after the termination of this lease, the tenancy shall thereafter be from month to month in the absence of any written agreements to the contrary."[4]

Our rules of contract construction guide our analysis and mandate our result. Critically, the trial court ignored the addendum's controlling language. Instead, its judgment applied paragraph 32's holdover provision as if the addendum did not exist. In fact, the opposite is true. The addendum's holdover provision obliterated paragraph 32's holdover language. In this way, the trial court misconstrued the lease. *AB Realty One, LLC v. Miken Technologies, Inc.*, 466 S.W.3d 722, 728 (Mo. App. E.D. 2015). And in failing to honor the addendum's creation of a new month-to-month tenancy, the court misconstrued the law by ignoring section 441.060.4's one month's notice requirement to terminate. *Id.*

---

[4] Other than the lease, there were no other written agreements between the parties.

For its part, Vanguard asserts that it did not need to give Sourakli *any* notice to terminate this one-year fixed-term lease since section 441.070 provides that "[n]o notice to quit shall be necessary from or to a tenant whose term is to end at a certain time." But Vanguard misses the point. While it is true that this fixed-term lease tenancy ended by "the close of business" on August 11, 2023, and Vanguard adhered to the lease's notice-to-vacate requirement, Vanguard disregards that the addendum's holdover provision established a new tenancy, the termination of which required a one-month notice.

We likewise dispose of Vanguard's argument that it did not consent to the new tenancy. *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136, 139 (Mo. App. E.D. 1980). The addendum's holdover provision *is* Vanguard's express consent to the new tenancy. *O'Connell*, 631 S.W.3d at 654 (the court found that a holdover provision similar to the one here meant that the landlords had expressly consented to the creation of a month-to-month tenancy).

Thus, we hold that Sourakli has been a month-to-month tenant since August 12, 2023, and that the rent obligation since that date is the one set forth in the addendum of "125% of the highest monthly rental rate stipulated on page 1 of this lease." Page 1 of the lease lists the rental rate as $1419, 125% of which is $1773.75.

**Conclusion**

Therefore, the judgment is reversed.[5]

James M. Dowd, P.J.

Cristian M. Stevens, J. and
Angela T. Quigless, J. concur.

---

[5] We also deny Vanguard's motion for attorney's fees.

7